UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
:
**KUNTI GOBIND LAKHIANI,**
:
                Plaintiff,
:  **MEMORANDUM**
                                       **DECISION AND ORDER**
           - against -       :
:  19-CV-3128 (AMD)
**NANCY A. BERRYHILL,**
:
                Defendant.   :
:
------------------------------------------------------------------- X

**ANN M. DONNELLY,** United States District Judge:

The plaintiff challenges the Social Security Commissioner's decision that she was not disabled for the purposes of receiving Social Security Disability Insurance ("SSDI") under Title II of the Social Security Act. (ECF No. 1.) Both parties moved for judgment on the pleadings. (ECF Nos. 8, 12.) For the reasons set forth below, I grant the plaintiff's motion for judgment on the pleadings, deny the defendant's cross-motion and remand the case for further proceedings.

## BACKGROUND

On September 16, 2015, the plaintiff applied for SSDI, alleging arthritis, high blood pressure, shoulder problems and pain in her right wrist, with an onset date of December 11, 2013. (Tr. 298-301.) The Social Security Administration denied her claim on November 4, 2015. (Tr. 211-14.) Administrative Law Judge ("ALJ") Ifeoma Iwuamadi held a hearing on December 19, 2017 at which the plaintiff, represented by counsel, and vocational expert Rachel Duchon testified. (Tr. 169-204.) On January 31, 2018, the ALJ denied the plaintiff's claim for benefits, concluding that the plaintiff had the residual functional capacity ("RFC") to perform sedentary work, despite severe impairments including hypertension, rheumatoid arthritis and

osteopenia of the wrists, hands, feet, neck and spine. (Tr. 157-64.) The Appeals Council denied the plaintiff's request for review on September 18, 2018, and the decision of the ALJ became the final decision of the Commission. (Tr. 1-5.)

## STANDARD OF REVIEW

A district court reviewing the Commissioner's final decision is limited to determining "whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quoting *Lamay v. Comm'r of Soc. Sec.*, 562 F.3d 503, 507 (2d Cir. 2009)). The district court must uphold the Commissioner's factual findings if there is substantial evidence in the record to support them. 42 U.S.C. § 405(g). "Substantial evidence is 'more than a mere scintilla' and 'means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Greek v. Colvin*, 802 F.3d 370, 375 (2d Cir. 2015) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

"Although factual findings by the Commissioner are 'binding' when 'supported by substantial evidence,'" the court will not defer to the ALJ's determination "[w]here an error of law has been made that might have affected the disposition of the case." *Pollard v. Halter*, 377 F.3d 183, 188-89 (2d Cir. 2004) (quoting *Townley v. Heckler*, 748 F.2d 109, 112 (2d Cir. 1984)) (internal citations omitted). Thus, "[e]ven if the Commissioner's decision is supported by substantial evidence, legal error alone can be enough to overturn the ALJ's decision." *Ellington*

2

*v. Astrue*, 641 F. Supp. 2d 322, 328 (S.D.N.Y. 2009) (quoting *Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987)).

## DISCUSSION

The plaintiff argues that the ALJ did not weigh the medical evidence properly, and, as a consequence, made an incorrect RFC determination. The plaintiff also takes issue with the ALJ's credibility assessment. I agree that the ALJ needs to reevaluate the weight to apply to the medical evidence in the record, as well as make an explicit determination as to the plaintiff's credibility. Accordingly, I remand the case for further proceedings.

### I. RFC Determination

An ALJ should give a treating physician's opinion controlling weight if the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(c)(2). "[I]f the ALJ decides the opinion is not entitled to controlling weight, it must determine how much weight, if any, to give it." *Estrella v. Berryhill*, No. 17-3247, 2019 WL 2273574, at *2 (2d Cir. May 29, 2019). When the ALJ does not give a treating physician's opinion controlling weight, she must "comprehensively set forth [her] reasons for the weight assigned to a treating physician's opinion." *Burgess v. Astrue*, 537 F.3d 117, 129 (2d Cir. 2008) (internal citations omitted). Moreover, "the ALJ must explicitly consider, *inter alia*, (1) the frequency, length, nature, and extent of treatment; (2) the amount of medical evidence supporting the opinion; (3) the consistency of the opinion with the remaining medical evidence; and (4) whether the physician is a specialist." *Selian v. Astrue*, 708 F.3d 409, 418 (2d Cir. 2013); 20 C.F.R. § 416.927(c)(1)-(6). If the ALJ does not "explicitly" consider these factors the case must be remanded unless "a searching review of the record" makes it clear that the ALJ applied "the

3

substance of the treating physician rule." *Estrella*, 2019 WL 2273574 at *2 (quoting *Halloran v. Barnhart*, 362 F.3d 28, 32 (2d Cir. 2004)).

ALJ Iwuamadi accorded "little weight" to the opinion of the plaintiff's only treating physician, Dr. Olivia Ghaw, who diagnosed the plaintiff with rheumatoid arthritis at the plaintiff's first appointment in 2014 and then treated the plaintiff over the course of the next three years. (Tr. 161, 467, 702.) In medical source statements, Dr. Ghaw reported that the plaintiff suffered from chronic rheumatoid arthritis and could not walk more than one city block without pain, could not sit for more than two hours without needing to stand up and could not stand for more than ten minutes at a time. (Tr. 644-45.) Dr. Ghaw based these opinions on multiple patient evaluations. For example, in December of 2014 Dr. Ghaw noted that the plaintiff suffered from "pain and swelling in many joints . . . [and] hours of AM stiffness" (Tr. 466), in January of 2016 that the plaintiff had "pain with full rotation at shoulders" (Tr. 468) and "tenderness at wrists and . . . ankles" (*id.*), and in March of 2016 that the plaintiff had "trouble walking and doing things like shopping" (Tr. 473). The doctor prescribed various medications, including Humira, in an effort to mitigate the plaintiff's pain. (Tr. 469.)

The ALJ acknowledged that Dr. Ghaw was a specialist who treated the plaintiff on multiple occasions, but concluded that her opinion deserved "little weight" because it was "not supported by the treatment notes" and was "internally inconsistent." (Tr. 161-62.) For example, the ALJ noted that earlier examinations "showed only some bilateral wrist swelling and some tenderness in a few other areas," and "did not indicate . . . reduced strength or that the claimant required a cane." (*Id.*) In making her judgment, it does not appear that the ALJ considered Dr. Ghaw's diagnosis of rheumatoid arthritis, or her observations, documented in treatment notes, that the plaintiff had pain and reduced motion in multiple joints. (Tr. 161, 466-73.) It is a

4

"fundamental tenant of Social Security law that an ALJ cannot pick and choose only parts of a medical Opinion that support" her determination. *Caternolo v. Astrue*, 2013 WL 1819264, at *9 (W.D.N.Y. April 29, 2013) (citation omitted).

As the ALJ observed, Dr. Ghaw's opinion was "somewhat internally inconsistent." In her medical source statement, Dr. Ghaw wrote that the plaintiff could take public transit to doctor's appointments; in another part of the form, however, the doctor stated that the plaintiff could not use standard public transportation. (Tr. 162.) This was an inconsistency that the ALJ justifiably took into account in her evaluation. On the other hand, Dr. Ghaw was the plaintiff's only treating physician, a factor to which the ALJ should have given more weight. *Santiago v. Barnhart*, 441 F. Supp. 2d 620, 627 (S.D.N.Y. 2006) ("Even if the treating physician's opinion is contradicted by substantial evidence and is thus not controlling, it is still entitled to significant weight because the treating source is inherently more familiar with a claimant's medical condition than are other sources." (internal quotation marks and citation omitted)). On remand, the ALJ could ask Dr. Ghaw to resolve the inconsistency about the plaintiff's ability to use public transportation.

Based on her review of the plaintiff's medical records and testimony, the ALJ concluded that the plaintiff had the RFC to perform "sedentary work with frequent reaching, handling, and fingering and some postural restrictions," a conclusion that the ALJ described as "consistent with" Dr. Ghaw's diagnoses.[1] (Tr. 160-61.) But in her medical source statement, Dr. Ghaw said that the plaintiff could not sit for more than two hours or stand for more than ten minutes without

---

[1] As part of her evaluation of the plaintiff's RFC, the ALJ cited the plaintiff's delay in seeking treatment—almost a year after her alleged onset date. (Tr. 159, 161.) Social Security Ruling ("SSR") 16-3p allows an ALJ to consider an individual's failure to seek or maintain treatment, but the ALJ must also consider the reasons for the delay, including, for example, the inability to afford treatment. SSR 16-3p, 2016 WL 1020935, at *14170 (Mar. 16, 2016). On remand, the ALJ should consider whether the plaintiff could afford to seek medical attention on or near her onset date.

5

requiring a break, had significant limitations with reaching, handling and fingering and could "rarely" lift more than ten pounds at a time. (Tr. 645-47.) These findings do not necessarily support a finding that the plaintiff could do sedentary work. 20 CFR 404.1567(a). "Most sedentary jobs require good use of the hands and fingers for fine movements such as picking, pinching, holding, grasping, and turning," including the only job the vocational expert cited as suitable to the plaintiff's RFC, a telephone solicitor.[2] *Horbock v. Barnhart*, 210 F. Supp. 2d 125, 135-36 (D. Conn. 2002)(internal quotation marks and citation omitted); (Tr. 163). Because the medical evidence does not support the RFC determination, remand is necessary. *See Hilsdorf v. Comm'r of Soc. Sec.*, 724 F. Supp. 2d 330, 347 (E.D.N.Y. 2010) ("Because an RFC determination is a medical determination, an ALJ who makes an RFC determination in the absence of supporting expert medical opinion has improperly substituted [her] own opinion for that of a physician, and has committed legal error."); *see also Zorilla v. Chater*, 915 F. Supp. 662, 666-67 (S.D.N.Y. 1996) ("The lay evaluation of an ALJ is not sufficient evidence of the claimant's work capacity; an explanation of the claimant's functional capacity from a doctor is required.").

On remand, the ALJ should reconsider the weight that Dr. Ghaw's opinion deserves and, if necessary, seek additional medical evidence about the plaintiff's RFC.

    **II.**    **Credibility Determination**

If a plaintiff's allegations are not supported by "objective medical evidence, the ALJ must engage in a credibility inquiry." *Gallagher v. Colvin*, 243 F. Supp. 3d 299, 306 (E.D.N.Y. 2017). "Credibility determinations must include specific reasons for the finding on credibility[.]" *Woodcock v. Comm'r of Soc. Sec.*, 287 F. Supp. 3d 175, 176 (E.D.N.Y. 2017)

---

[2] According to the occupational definition of telephone solicitor, the employee would be expected to "key[] data from order card into computer, using keyboard." (DOT Code 299.357014.)

6

(citations and alterations omitted). An ALJ making a credibility determination must consider (1) the claimant's daily activities, (2) the duration, location, frequency, and intensity of the claimant's pain, (3) precipitating and aggravating factors, (4) the type, dosage, effectiveness, and side effects of any medications that the claimant takes, (5) any treatment, other than medication, that the claimant has received, (6) any other measures that the claimant employs to relieve the pain, and (7) other factors concerning the claimant's functional limitations and restrictions as a result of the pain. 20 C.F.R. § 404.1529(c)(3)(i)-(vii).

After a commendably thorough review of the plaintiff's records, ALJ Iwuamadi found that the plaintiff's "medically determinable impairments could reasonably be expected to produce" her symptoms, but that the plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." (Tr. 159.) However, as noted above, the ALJ gave the medical evidence "little weight," and may well change her opinion about the plaintiff's credibility after reevaluating Dr. Ghaw's opinion. *See Demera v. Astrue*, No. 12-CV-432, 2013 WL 391006, at *4 (E.D.N.Y. Jan. 24, 2013) ("[A]fter the ALJ reassesses the opinions of the four treating physicians and obtains additional information as needed to resolve any inconsistencies or ambiguities, the ALJ must likewise reassess the credibility of [the claimant's] subjective complaints."). In her credibility evaluation, the ALJ should also discuss the various credibility factors, and explain how she applies them in evaluating the plaintiff's testimony. *See Kane v. Astrue*, 942 F. Supp. 2d 301, 314 (E.D.N.Y. 2013) (finding legal error when the ALJ did not explicitly refer to or discuss any of the credibility factors). On remand, the ALJ should reevaluate the plaintiff's testimony in the context of Dr. Ghaw's opinion and include a specific credibility determination.

7

8

Accordingly, for the reasons set forth above, I remand for further proceedings consistent with this opinion.

**SO ORDERED.**

                                                          s/Ann M. Donnelly
                                                          _____

                                                          Ann M. Donnelly
                                                          United States District Judge

Dated: Brooklyn, New York
       August 12, 2020