UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------- X
:
**KUNTI GOBIND LAKHIANI**,
:
              Plaintiff,
:  **MEMORANDUM AND ORDER**
      – against –
:  19-cv-03128 (AMD)
:
**NANCY A. BERRYHILL,**
:
**COMMISSIONER OF SOCIAL SECURITY**,
:
              Defendant.
--------------------------------------------------------------- X

**ANN M. DONNELLY**, United States District Judge:

      Before the Court is plaintiff's counsel's motion for attorney's fees, pursuant to 42 U.S.C. § 406(b).  (ECF No. 21.)  The Commissioner does not oppose the motion.  For the reasons set forth below, the motion is granted.

## BACKGROUND

      On May 24, 2019, the plaintiff appealed the Commissioner of Social Security's decision that she was not disabled within the meaning of the Social Security Act.  (ECF No. 1.)  Both parties moved for judgment on the pleadings.  (ECF Nos. 8, 12.)  On August 12, 2020, I granted the plaintiff's motion and remanded the plaintiff's case to the Social Security Administration.  (ECF No. 17.)  On September 27, 2022 an ALJ found the plaintiff to be disabled since her alleged onset date of December 11, 2013.  (ECF No. 21-2 ¶5.)  On October 16, 2020 the parties stipulated to an award of $5,189.50 in attorney's fees and expenses under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, as well as $400 in court costs under 28 U.S.C. § 1920, (ECF No. 19); I entered the stipulation shortly thereafter.  (ECF No. 20.)  The Commissioner has withheld $11,901.50 as 25 percent of past-due benefits to pay the plaintiff's counsel, subject to court approval.  (ECF No. 21-3 at 3.)

**LEGAL STANDARD**

Section 406(b) permits the Court to award a "reasonable fee" "not to exceed 25 percent of the total of the past-due benefits" to a prevailing plaintiff's attorney. 42 U.S.C. § 406(b)(1)(A). "The Second Circuit has held that a court's determination of whether fees requested under Section 406(b) are reasonable should 'begin with the agreement, and [that] the district court may reduce the amount called for by the contingency agreement only when it finds the amount to be unreasonable.'" *Long v. Comm'r of Soc. Sec.*, No. 18-CV-1146, 2020 WL 6545904, at *2 (E.D.N.Y. Nov. 6, 2020) (quoting *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990)).

To determine whether a contingency fee is "reasonable," the Court considers, among other things: "(1) whether the retainer was the result of fraud or overreaching; (2) whether the attorney was ineffective or caused unnecessary delay; (3) whether the fee would result in a windfall to the attorney in relation to the services provided; and (4) the risk of loss the attorney assumed by taking the case." *Kazanjian v. Astrue*, No. 09-CV-3678, 2011 WL 2847439, at *1 (E.D.N.Y. July 15, 2011) (citing *Sullivan*, 907 F.2d at 372). If fee awards are made under both the EAJA and Section 406(b), the attorney must return the smaller award to the client. *Wells v. Bowen*, 855 F.2d 37, 41-42 (2d Cir. 1988).

**DISCUSSION**

The fee that counsel seeks is reasonable. The fee petition agreement between the plaintiff and her attorneys, Charles E. Binder and Daniel S. Jones ("Binder & Binder"), stipulates that Binder & Binder's combined fee under Sections 404(a) and 404(b) "will not exceed 25 percent of the retroactive benefits." (ECF No. 21-3 at 1.) This 25 percent fee comports with the statutory cap. *See* 42 U.S.C. § 406(b)(1)(A). The Commissioner agrees that there is no evidence

2

in the record that the fee petition agreement was the result of fraud or overreach. (ECF No. 23 at 2.)

The $11,031.50 fee is not a windfall for Binder & Binder. In determining whether a lump sum constitutes a windfall, courts should consider the "ability and expertise of [counsel]," the "nature and length of the professional relationship with the claimant," the "satisfaction of the disabled claimant," and "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result." *Fields v. Kijakazi*, 24 F.4th 845, 854-55 (2d Cir. 2022). The plaintiff retained Binder & Binder in May 2019 to appeal the Commissioner's final decision. (ECF No. 21-3.) Binder & Binder attorneys spent a total of 25 hours representing the plaintiff in federal court, where they succeeding in securing a remand to an ALJ. The time expended included reviewing a 711-page transcript and drafting a 16-page memorandum articulating the grounds for remand. (*See* ECF Nos. 7, 9.) The culmination of their advocacy was an excellent result: the ALJ awarded past due benefits encompassing nearly nine years, the entirety of her alleged disability period. Binder & Binder's request, which equates to a *de facto* attorney hourly rate of $476.06, is thus not unreasonable.

## CONCLUSION

Accordingly, the plaintiff's motion for attorney's fees under 42 U.S.C. § 406(b) is granted.  The Social Security Administration is directed to disburse $11,901.50 to Mr. Binder.  Upon receipt of this award from the government, Mr. Binder must promptly refund the plaintiff $5,189.50, which represents the EAJA fees that counsel has already received.  The case remains closed.

**SO ORDERED.**

    s/Ann M. Donnelly
    _____
    ANN M. DONNELLY
    United States District Judge

Dated: Brooklyn, New York
       November 30, 2022